**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**LUCY DENTON**                                                                                                      **PLAINTIFF**

**V.**                                                                         **CIVIL ACTION NO.1:06CV621 LTS-RHW**

**UNITED STATES AUTOMOBILE ASSOCIATION**                                    **DEFENDANT**

### MEMORANDUM OPINION

The Court has before it Plaintiff Lucy Denton's (Denton) motion [9] to remand. For the reasons set out below, this motion will be granted.

This is an action seeking recovery for property damage sustained during Hurricane Katrina.  The insured property is the plaintiff's former residence located at 1378 Beach Boulevard, Biloxi, Mississippi.  The property was insured under a homeowners policy issued by Defendant United States Automobile Association (USAA). Plaintiff contends that this property damage is a covered loss under the USAA policy.

This action was removed from the Circuit Court of Harrison County, Mississippi. Removal was premised on the existence of a federal question conferring subject matter jurisdiction under 28 U.S.C. §1331.  USAA contends that the claims in this action raise substantial issues under the National Flood Insurance Act, 42 U.S.C. §4001, et seq. (the Act).

The face of the complaint does not disclose any issue of fact or law related to the National Flood Insurance Act.  USAA contends, however, that the relief the plaintiff is seeking, if granted, would have a real and substantial effect on the construction of flood insurance policies issued under the Act.  I do not agree.

Plaintiff's claim is made under a homeowners policy, not a flood policy.  The plaintiff has alleged that her property damage was covered by the USAA homeowners policy.  Deciding the merits of this claim does not carry any implications that concern the interpretation of flood policies issued pursuant to the Act.

Since the face of the complaint does not raise a federal question, and since the relief Plaintiff is seeking is limited to the benefits allegedly owed under the USAA homeowners policy, I find that this Court does not have subject matter jurisdiction under 28 U.S.C. §1331.  Accordingly, this case must be remanded to the court from which it was removed.

The motion to remand will be granted.  An appropriate order will be entered.

Decided this 7th day of December, 2006.

             s/ *L. T. Senter, Jr.*
             L. T. Senter, Jr.
             Senior Judge